**HAM & ASSOCIATES, APLC**
Christine Ham (SBN: 242273)
3255 Wilshire Bl. #1632
Los Angeles CA 90010
T: (213) 380-2411 F: (213) 380-4001
E: christineham01@yahoo.com

Attorney for Plaintiff
JEONG MOON

UNITED STATES BANKRUPTCY COURT

CENTRAL DISRICT OF CALIFORNIA

| | |
|---|---|
| In re Long Hung Ha aka Kevin Long Ha,<br><br>Debtor,<br><br>―――――<br><br>Jeong Moon,<br><br>Plaintiff,<br><br>Long Hung Ha aka Kevin Long Ha aka Long "Kevin" Ha<br><br>Defendant/Debtor | CASE NO: 6:20-BK-14390-WJ<br>Chapter 7 Case Number<br><br>ADV. NO.:<br><br>ADVERSARY COMPLAINT OBJECTING AND SEEKING EXCEPTION TO DISCHARGE OF DEBTOR<br><br>[11 U.S.C. 727(a)(4), 11 U.S.C. 523(a)(2) |

## JURISDICTION

1. This Court has jurisdiction over this case pursuant to authority contained in Judicial and Judicial Code Sections 1334(a) and 157(b)(1) [28 U.S.C. Section s 1334(a) and 157(b)(1)].

2. The voluntary petition for relief in this case was filed under Chapter 7 of the Bankruptcy Code [11 U.S.C. Sections 701-728 by Long Hung Ha aka Kevin Long Ha on June 26, 2020.

ADVERSARY COMPLAINT OBJECTING & SEEKING EXCEPTION TO DISCHARGE                    1

3. This adversary proceeding is an action objecting to the discharge of the debtor pursuant to Bankruptcy Code Section 727(a)(4). This adversary proceeding also seeks exception to discharge of certain debts obtained through misrepresentation and fraud pursuant to Bankruptcy Code Section 523(a)(2). This is, therefore, a "core proceeding" within the meaning of 28 U.S.C. Section 157(b)(2)(I) and (J).

4. The first date set for the meeting of creditors held pursuant to Bankruptcy Code Section 341(a) [11U.S.C. Section 341(a)] in this case was July 27, 2020. The deadline to file a complaint objecting to discharge is September 25, 2020.

## VENUE

5. Venue of this adversary proceeding is within this Court pursuant to 28 U.S.C. Section 1409(a).

## FIRST CLAIM FOR RELIEF

(11 U.S.C. 523 (a)(2))

6. On or about October 1, 2019, Plaintiff, Jeong Moon, paid Debtor, Long "Kevin" Ha aka Long Hung Ha aka Kevin Long Ha, hereinafter "Debtor") and his business partner, Kyle Watanabe, $250,000.00, after being promised by Debtor she would become partial operator and owner of Villa California Management LLC (hereinafter "VCML"), an assisted living facility located in Van Nuys, California. Instead Debtor took such monies from Plaintiff but denied her any type of ownership authority or operation authorization of the business and denied her access to VCML's premises, the records, accounting books, financial statements, operating decisions / directions, and finances which were solely under Debtor and his business partner's control.

7. Some time later it was known that Debtor used these monies for his own use and benefit. On or about the end of October, 2019, Jin A. Wang, a business associate of Debtor, filed

ADVERSARY COMPLAINT OBJECTING & SEEKING EXCEPTION TO DISCHARGE          2

a lawsuit against Debtor, VCML, and his business partner on behalf of Plaintiff. This case was filed in the Superior Court of California, Central District, known as Case Number 19STCV39144. However, for some unknown reason this complaint was dismissed by Jin A. Wang.

8. On or about April 14, 2020, Plaintiff filed a lawsuit against Debtor and his other associates known as Case Number 20STCV14406 in the Los Angeles Superior Court, Stanley Mosk Courthouse, as Debtor deceitfully and wantonly took approximately $250,000 from Plaintiff through false promises and misrepresentations that Plaintiff would acquire 33% ownership of VCML and have partial ownership rights of VCML.

9. Defendant had no intention of allowing Plaintiff become a shareholder, member, affiliate, officer, or owner of VCML, but instead conspired to pilfer Plaintiff of her money through misrepresentation, deceit, lies, and false promises, in which Debtor knew were to be false and intended Plaintiff to rely on these misrepresentation for Defendant's benefit and in so doing caused detriment to Plaintiff.

10. As a proximate result of Defendant's deceitful acts, Plaintiff has been damaged in an amount in excess of $250,000.00.

11. Based on the foregoing, Plaintiff's claim is excepted from discharge pursuant to 11 U.S.C. section 523(a)(2).

SECOND CLAIM FOR RELIEF

(11 U.S.C. 727 (a) (4)

12. On or about July 27, 2020, Debtor knowingly and fraudulently gave false responses and omitted material information from his bankruptcy schedules and/or the 341(a) Trustee meeting as follows:

ADVERSARY COMPLAINT OBJECTING & SEEKING EXCEPTION TO DISCHARGE        3

a. Under penalty of perjury, Debtor at the creditor's meeting on July 27, 2020, stated that he was a part time employee of VCML and that he was not an owner, shareholder, or director of VCML. However, Debtor had expressed numerous times to Plaintiff that he was partial owner of VCML, that he was authorized to make business decisions for VCML. Debtor also took approximately $250,000 from Plaintiff based on the representations that he was the owner, director, and shareholder of VCML however, he did not report this or his income he received from Plaintiff in his Chapter 7 Bankruptcy petition.

b. Defendant's false responses and material omissions were knowingly and fraudulently made within the purview of 11 U.S.C. section 727(a)(4).

WHEREFORE, Plaintiff JEONG MOON respectfully prays that the Court deny the Debtor discharge pursuant to 11 U.S.C. section 727(a) (4) or alternatively, exempt from any discharge granted to the debtor the indebtedness owed Plaintiff pursuant to 11 U.S.C. section 523(a)(2).

Dated: August 25, 2020        BY:   HAM & ASSOCIATES, APLC


    s/ Christine Ham
CHRISTINE HAM, Attorney for Plaintiff
JEONG MOON

ADVERSARY COMPLAINT OBJECTING & SEEKING EXCEPTION TO DISCHARGE        4

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> Jeong Moon | **DEFENDANTS** <br> Long Hung Ha aka Kevin Long Ha aka Long Kevin Ha |
| ATTORNEYS (Firm Name, Address, and Telephone No.) <br> Ham & Associates, APLC <br> 3255 Wilshire Bl. #1632 <br> Los Angeles, CA 90010  213-380-2411 | ATTORNEYS (If Known) <br> Leslie Cohen Law PC <br> 506 Santa Monica Bl. Ste 200 <br> Santa Monica CA 90401 |
| PARTY (Check One Box Only) <br> ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin <br> ☑ Creditor  ☐ Other <br> ☐ Trustee | PARTY (Check One Box Only) <br> ☑ Debtor   ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor  ☐ Other <br> ☐ Trustee |
| CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED) <br> FRAUD; MISREPRESENTATION; CONVERSION; NEGLIGENCE; MONEY HAD & RECEIVED | |

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☑ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☑ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☑ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 250,000 |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>Long Hung Ha aka Kevin Long Ha | BANKRUPTCY CASE NO.<br>6:20-bk-14390-WJ |||
| DISTRICT IN WHICH CASE IS PENDING | DIVISION OFFICE || NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*[signature]* ||||
| DATE<br>8/27/2020 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Christine Ham, Esq. |||

### INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.